Edward R. Litwin SB#: 57635
Christina H. Lee SB#: 230883
Litwin & Associates, A Law Corporation
1435 Huntington Ave., Suite 336
South San Francisco, CA 94080
(650) 588-7100 (t) (650) 588-4302 (f)

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CUIYAO GUTIERREZ ) | Civil No. |
| ) | |
| Plaintiff, ) | PLAINTIFF'S ORIGINAL COMPLAINT |
| ) | FOR WRIT IN THE NATURE OF |
| -vs- ) | MANDAMUS |
| ) | |
| MICHAEL CHERTOFF, Secretary ) | |
| ) | |
| EMILIO T. GONZALEZ, Director, CIS ) | "Immigration Case" |
| ) | |
| ROSEMARY MELVILLE, District Director ) | CIS NOs.    A073-897-115 |
| ) | |
| FRANK SICILIANO, Field Office Director ) | |
| ) | |
| Department of Homeland Security; ) | |
| ) | |
| ROBERT S. MUELLER, Director ) | |
| ) | |
| Federal Bureau of Investigations ) | |
| ) | |
| Defendants. ) | |

   COMES NOW Cuiyao Gutierrez, Plaintiff in the above-styled and numbered cause, and for cause of action would show unto the Court the following:

1.  This action is brought against the Defendants to compel action on Form N-400, Application for Naturalization properly filed by the Plaintiff. The application remains within the jurisdiction of the Defendants, who have improperly withheld action on said application to the Plaintiff's detriment.

COMPLAINT            1

## PARTIES

2. Plaintiff Cuiyao Gutierrez is a 30 year-old citizen of China. She became a lawful permanent resident of the United States on March 29, 2001.

3. Defendant Michael Chertoff is the Secretary of the Department of Homeland Security (DHS) and this action is brought against him in his official capacity. He is generally charged with enforcement of the Immigration and Nationality Act (the Act) and is further authorized to delegate such powers and authority to subordinate employees of the DHS. 8 CFR §2.1.

4. Defendant Emilio T. Gonzalez is the Director of the United States Citizenship and Immigration Services (USCIS), an agency within the DHS to whom the Secretary's authority has, in part, been delegated and is subject to the Secretary's supervision, and this action is brought against him in his official capacity. Defendant Emilio T. Gonzalez is generally charged with the overall administration of benefits and immigration services. 8 CFR §100.2(a).

5. Defendant Rosemary Melville is the District Director of the San Francisco District of the CIS, and this action is brought against her in her official capacity. Defendant Rosemary Melville is generally charged with administration and enforcement of the Act and all other laws relating to immigration and naturalization within her assigned geographic area. 8 C.F.R. § 100.2(d)(2)(ii).

6. Defendant Frank Siciliano is the Field Office Director of the San Jose sub-office and this action is brought against him in his official capacity. Defendant Frank Siciliano is an official of the CIS charged with supervisory authority over operations of the San Jose sub-office, including adjudication of naturalization applications filed within its jurisdiction. Defendant Frank Siciliano is the official with whom Plaintiff's application for naturalization continues to pend. 8 CFR §100.2(d)(2)(ii), 8 CFR §100.4(c)(1), and 8 CFR §103.1(b).

7. Defendant Robert S. Mueller is the Director of the Federal Bureau of Investigations (FBI) and this action is brought against him in his official capacity. Defendant Robert S. Mueller is the head of

COMPLAINT 2

the FBI, an agency charged with duties such as conducting investigations regarding official matters under the control of the Department of Justice and the Department of State as may be directed by the Attorney General. 28 USC § 533.

## JURISDICTION

8. The Court has jurisdiction of this action pursuant to 28 USC §§1331 and 1361, the Administrative Procedures Act of 5 USC § 555(b) and §701 *et seq.*, 8 USC § 1421 *et seq.,* and 8 USC § 1447(b) and 28 USC § 2201 since the Defendants have failed to make a determination of Plaintiff's application for naturalization within the 120 day statutory period. Relief is requested pursuant to said statutes.

## INTRADISTRICT ASSIGNMENT

9. Pursuant to Civil L.R. 3-2(d), since the Plaintiff resides in Santa Clara County, assignment shall be to the San Jose Division.

## VENUE

10. Venue is proper in this court, pursuant to 28 USC § 1391(e)(3), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where the plaintiff resides if no real property is involved in the action. Specifically, Plaintiff resides at 787 Beaver Creek Way, San Jose, California, and no real property is involved in the instant action.

## EXHAUSTION OF REMEDIES

11. Plaintiff has exhausted her administrative remedies. Plaintiff has made numerous inquiries concerning the status of her application to no avail.

## CAUSE OF ACTION

12. All legal prerequisites having been satisfied, Plaintiff Gutierrez filed her application for naturalization on January 9, 2006, with the USCIS.

COMPLAINT                                                                 3

13. On February 11, 2006, Plaintiff Gutierrez went to the USCIS in El Monte, California, and had her fingerprints taken.

14. On May 17, 2006, Plaintiff Gutierrez attended her interview with the USCIS. She passed the civics and English requirement, but was told that her background check was not complete.

15. On or about August 7, 2006, Plaintiff Gutierrez called the National Customer Service Center to inquire about her pending naturalization case. She was told by the representative on the phone that her case was still pending due to her background check. The Plaintiff was advised to call back the next week since her case had not been pending for more than 120 days at the time.

16. On or about August 14, 2006, Plaintiff Gutierrez called the National Customer Service Center again and was told that her case was still pending because her background check was not yet complete.

17. On January 4, 2007, Plaintiff Gutierrez called the National Customer Service Center to inquire about her case. She spoke with an Officer Ornelas, and was told that the USCIS was still waiting for her FBI background check.

18. On January 5, 2007, the USCIS sent a response letter to the Plaintiff stating that they were awaiting the results of the required security checks.

19. On January 5, 2007, Plaintiff Gutierrez went to the San Jose USCIS with an Infopass appointment. She was told by the officer that her case was pending due to security checks. She was further told by the officer that some cases have been pending for more than four years, whereas her case has been pending for only one year.

20. On January 30, 2007, Plaintiff Gutierrez called the National Customer Service Center to inquire about her case. She spoke with an Officer Sung and was told that no action could be done on her case as her FBI background check was still pending.

21. On January 31, 2007, Plaintiff Gutierrez contacted Congressman Mike Honda for his assistance. She received no response from his office.

COMPLAINT                                           4

22. On May 7, 2007, Plaintiff Gutierrez called the National Customer Service Center to get an update on her case. She spoke with an Officer Gabriel, and was told that her case was at its final stage, but the USCIS was still waiting for her background checks. The officer advised the Plaintiff to inquire about her case at her local USCIS office.

23. On September 13, 2007, Plaintiff Gutierrez made an Infopass appointment and went to the USCIS in San Jose. The Plaintiff was told her case was still pending due to background checks, and that nothing could be done at this point. The officer suggested the Plaintiff continue to wait.

24. On November 13, 2007, Plaintiff Gutierrez attempted to contact Mike Honda by telephone. She was told a Consent of Release form was sent to her to sign. Plaintiff did not receive the form.

25. On November 13, 2007, Plaintiff Gutierrez sent an e-mail to California State Senator Elaine Alquist regarding her case. She informed the Senator that more than a year had passed since her naturalization interview and no decision has been made on her case.

26. On November 14, 2007, Senator Alquist responded to Plaintiff's e-mail and stated that the Plaintiff's case is not a state issue, and referred her to contact Congressman Mike Honda for his assistance.

27. On November 15, 2007, Congressman Honda sent a response letter to the Plaintiff stating that his office has made an inquiry with the FBI, and that it will take approximately 90 days for the FBI to respond. Congressman Honda stated that he would contact the Plaintiff as soon as he receives a response from the FBI.

28. More than 120 days have passed since the Plaintiff's initial interview, and the Defendants have made no decision on Plaintiff's application.

29. The Defendants' failure to make a determination of Plaintiff's application within the 120-day statutory period allows the Plaintiff to bring the matter to this Court for a hearing pursuant to 8 USC § 1447(b).

COMPLAINT                                    5

30. Further, upon information and belief, following Plaintiff's interview on May 17, 2006, the USCIS Defendants requested the Federal Bureau of Investigation, or other Federal agencies unknown to the Plaintiff, to complete and verify security checks with regard to Plaintiff Gutierrez. Defendants Secretary Chertoff and Director Mueller and unknown officers and officials under their direction and control have failed and refused to complete such security checks.

31. The Defendants, in violation of the Administrative Procedures Act, 5 USC §701 et seq., have unlawfully withheld, and are unlawfully withholding and unreasonably delaying action on Plaintiff's application and have failed to carry out the adjudicative functions delegated to them by law with regard to the Plaintiff's case. By denying adjudication, Defendants are denying Plaintiff Gutierrez the rights accorded to a United States citizen, such as a right to vote. Further, this delay is causing Plaintiff Gutierrez undue stress—the Plaintiff is currently over 5 months pregnant, and her husband, who is on active duty in the United States military is unable to help her cope with such stress as he is currently stationed in Washington D.C.

32. Plaintiff desires a judicial determination of her naturalization application and a declaration that she is entitled to be naturalized as a citizen of the United States.

## PRAYER

33. WHEREFORE, in view of the arguments and authority noted herein, Plaintiff respectfully prays that the Defendants be cited to appear herein and that, upon due consideration, the Court will:

    (a) hear Plaintiff's case and render a declaratory judgment that she is entitled to be naturalized,

    (b) award the Plaintiff reasonable attorney's fees under the Equal Access to Justice Act; and

    (c) grant such further relief at law and in equity as justice may require.

COMPLAINT                                    6

1
2
3  Dated: _____
4                                                          _____/S/_____
                                                           Christina H. Lee
5                                                          Attorney for Plaintiff
6
7
8  I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed"
   signature (/S/) within this efiled document.
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COMPLAINT                                     7